IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| I&I HAIR CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:20-cv-02179-M |
| | § | |
| BEAUTY PLUS TRADING CO. INC. et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court in this trademark-infringement lawsuit is the Joint Status Report, (ECF No. 82), responding to the Court's December 7, 2021 Order, (ECF No. 81), requiring Plaintiff I&I Hair Corp. and Defendants Beauty Plus Trading Co., Inc. and Hair Plus Trading Co., Inc. (collectively, the "Parties") to meet and confer on the issue of de-designating pages of a product identification guide (the "Guide") that Plaintiff provided to Customs and Border Patrol (CBP) "for law enforcement purposes only." After reviewing the briefing, hearing the parties' arguments at a hearing on November 30, 2021, reviewing the pages at issue *in camera*, and reviewing the Joint Status Report, the Court GRANTS, in part, and DENIES, in part, Defendants' Motion, (ECF No. 65), with respect to this de-designation issue as follows:

1. The Court ORDERS Plaintiff to modify the designated pages at issue, which are pages P000015 to P000016 and P000024 to P000036 (the

1

"Designated Pages"), from a designation of Restricted—Attorneys' Eyes Only to merely Confidential.

2. The Court ORDERS Plaintiff to redact from pages P000024 to P000036 of the Designated Pages the accused infringers' identities and products.

## Background

The Designated Pages are part of the Guide that CBP requires as a part of its best practices in working for intellectual-property owners to help CBP enforce intellectual property rights at the border. Pl.'s MTC Resp. 2 (ECF No. 74) (citation omitted). CBP declares that "[t]he most useful guides contain a detailed explanation of how to authenticate merchandise and differentiate genuine merchandise from illegitimate merchandise, as CBP is focused on the physical characteristics of the product itself as opposed to the identity of the parties associated with the importation." *Id.* (citation omitted). To engage with the CBP, Plaintiff prepared the Guide for the CBP based on CBP's suggested best practices. *Id.* at 2-3. Each page clearly states the Guide is "for law enforcement purposes only." The CBP "is required to safeguard and protect [Plaintiff's] trade secrets and business confidential information from disclosure pursuant to the Trade Secrets Act (18 U.S.C. § 1905) and will not share the content of [the Guide] outside of the Department of Homeland Security." *Id.* at 3 (citation omitted).

## Legal Standard and Analysis

Defendants ask the Court to compel Plaintiff to de-designate the Designated Pages because the information is not confidential, "as the accused products are

2

publicly available, and the identities of the manufacturers and/or distributors of the items are listed on the products." Jt. Status Rep. 2 ¶ b. Plaintiff argues it has a legitimate and protectable interest in maintaining as confidential that Plaintiff provided to CBP the names of particular accused infringers and their methods. *Id.* at 1-2 ¶ a. Plaintiff further asserts that the list of accused infringers and their methods is not relevant to any matter at issue in this litigation. *Id.*

    1.  <u>The Designated Pages are Confidential.</u>

This Court's January 26, 2021 Protective Order, (ECF No. 51), governs the designations of protected material. It allows the Parties to designate material as "Confidential" or "Restricted—Attorneys' Eyes Only." *See* Prot. Order 1-2 ¶¶ 1, 3.

"Each Party may designate as [C]onfidential . . ., in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information or trades secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material." *See id.* ¶ 1. To designate a document, information, or material as Confidential, a party must have "a good faith belief" that the documents, information or material should be marked Confidential. *Id.* at 4 ¶ 6. "To the extent a producing [p]arty believes that certain [p]rotected [m]aterial . . . is so sensitive that its dissemination deserves even further limitation, the producing party may designate such [material] Restricted—Attorneys' Eyes Only." *Id.* at 5 ¶ 8 (internal quotations omitted). "[T]he burden shall be on the designating party to show why its classification is

proper" when a party moves to compel another party to de-designate a document, information, or material. Prot. Order 8 ¶ 18.

Here, the fact that the accused products and the identities of the manufacturers and/or distributors of those products are publicly available is inapposite. The more pertinent fact is that Plaintiff communicated its suspicions to the CBP in confidence. It prepared the Designated Pages identifying particular accused infringers and their methods to the CBP expressly for "law enforcement purposes only." It shared the Designated Pages only with CBP with the expectation that CBP would not share the Designated Pages with anyone other than Homeland Security for the sole purpose of helping the government enforce its intellectual property rights at the border.

Information is considered confidential when it's not in the public domain but known to some, especially those having a fiduciary duty not to misuse the knowledge or facts for their own advantage. *Confidential Information*, Black's Law Dictionary (11th ed. 2019). *See, e.g.*, *Samsung Elecs. Am., Inc. v. Chung*, 2017 WL 635031, at *14 & n.10 (N.D. Tex. Feb. 16, 2017) (Fitzwater, J.) (citing *Alliantgroup, L.P. v. Feingold*, 803 F. Supp.2d 610, 624 n.3 (S.D. Tex. 2011)); *StoneEagle Servs. v. Gillman*, 2013 WL 6008209, at *2 (N.D. Tex. Nov. 13, 2013) (Horan, J.) (citing *HomeVestors of Am., Inc. v. Duane Legate & House Buyer Network, Inc.*, 2013 WL 3348948, at *5 (N.D. Tex. July 3, 2013) (Stickney, J.)).

Plaintiff's report to the CBP was not in the public domain. To the contrary, the report, which was made for a limited purpose, was confidential and treated as

4

confidential by both Plaintiff and CBP. Accordingly, Plaintiff met its burden that it had a good-faith basis to designate the Designated Pages as Confidential.

> 2. <u>Communication about accused infringers to the CBP is irrelevant to any claim or defense in this litigation and should be redacted.</u>

Plaintiff further argues it should be able to redact the list of accused infringers and their products (the "Requested Redactions") from the Designated Pages because this information is not relevant to any matter at issue in this litigation. Defendants contend the Requested Redactions are relevant to the litigation because (1) CBP may rely on inaccurate information provided by Plaintiff, specifically Plaintiff's statements that "its EZBRAID design mark is registered, when in fact it is not;" and (2) "[i]t is also improper for Plaintiff to present speculative opinions for CBP to rely on." Defs.' Reply to MTC (ECF No. 75).

Under Rule 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). In this litigation, Plaintiff's claims are for trademark infringement, breach of a settlement agreement, and breach of a consent judgment and agreed permanent injunction. *See* Compl. 6-9 (ECF No. 1); *see also* Order 6 (ECF No. 28). Defendants' counterclaim is for a declaratory judgment to invalidate a trademark. *See* Answer 9, 13-14 (ECF No. 29); *see also* Order 6 (ECF No. 63). Whether Plaintiff supplied inaccurate information or speculative sentiments about its competitors and CBP relied on them is not relevant to any of the claims or defenses before this Court.

## Conclusion

For the reasons explained above, the Court GRANTS, in part, and DENIES, in part, Defendants' de-designation issue in their Motion to Compel, (ECF No. 65). Accordingly, the Court ORDERS:

1. Plaintiff to modify the Designated Pages from a designation of Restricted—Attorneys' Eyes Only to Confidential, which are P000015 to P000016 and P000024 to P000036.

2. Plaintiff to redact the Designated Pages that include the accused infringers' identities and products, which are pages P000024 to P000036.

**SO ORDERED**.

February 22, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE