IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| I&I HAIR CORPORATION, § | |
| § | |
| Plaintiff, § | |
| v. § | |
| § | Case No. 3:20-cv-02179-M |
| BEAUTY PLUS TRADING CO., § | |
| INC., et al., § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this trademark infringement case are Plaintiff I&I Hair Corporation's (I&I) Bill of Costs (ECF No. 323) and Defendant Beauty Plus Trading Company's (Beauty Plus) Motion to Review Plaintiff's Bill of Costs and Objections (ECF No. 324). The District Judge referred this matter to the United States Magistrate Judge for a recommendation. *See* Order (ECF No. 325). For the reasons explained below, the Court should GRANT the motion to review in part, SUSTAIN the objections in part, and ORDER the Clerk of Court to tax costs against Beauty Plus in the amount of $18,531.96.

**Background**

A jury returned a verdict against Beauty Plus finding it liable to I&I for federal trademark infringement, unfair competition, and breach of a settlement agreement. Verdict (ECF No. 272). Thereafter, the Court entered Final Judgment

1

awarding I&I, among other things, "[a]ll recoverable costs of court in connection with Plaintiff's claims against Beauty Plus." J. (ECF No. 310).

I&I seeks to tax costs against Beauty Plus in the amount of $45,199.82. Bill Costs 1 (ECF No. 323). Specifically, I&I seeks (i) $400.00 for fees of the clerk; (ii) $800.00 for fees for service of summons and subpoena; (iii) $21,877.00 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (iv) $1,455.13 for fees and disbursements for printing; (v) $2,743.14 for fees for witnesses; (vi) $5,482.39 for fees for exemplification and the costs of making copies necessarily obtained for use in the case; (vii) $40.00 in docket fees under 28 U.S.C. § 1923; and (viii) $12,402.16 for compensation of interpreters under 28 U.S.C. § 1828. *See id.* Beauty Plus filed a Motion to Review Plaintiff's Bill of Costs and Objections (ECF No. 324). I&I filed a Response (ECF No. 327).

## Legal Standard

A prevailing party in a civil action is entitled to recover its costs unless the Court otherwise directs. Fed. R. Civ. P. 54(d)(1). But "taxable costs are limited by statute and are modest in scope." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012). Under 28 U.S.C. § 1920, taxable costs include:

(1)   Fees of the clerk and marshal;

(2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)   Fees and disbursements for printing and witnesses;

2

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title; [and]

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The Court "may decline to award the costs listed in [§ 1920] but may not award costs omitted from the list." *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987)).

The party seeking recovery of its costs bears the burden of proving the amount and necessity of its costs. *See Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994) (per curiam); *Fogleman v. ARAMCO*, 920 F.2d 278, 285–86 (5th Cir. 1991). "If the party against whom costs are sought does not object, a presumption arises that the costs were necessarily incurred and will be taxed." *Harris v. Dall. Cnty. Hosp. Dist.*, 2016 WL 8674685, at *2 (N.D. Tex. Aug. 5, 2016) (quoting *Tempest Publ'g, Inc. v. Hacienda Records & Recording Studio, Inc.*, 141 F. Supp. 3d 712, 717 (S.D. Tex. 2015)). However, "[a]n objection shifts that burden to require the party seeking costs to show that the costs were necessary." *Id.*

## Analysis

Beauty Plus objects to five aspects of I&I's Bill of Costs: (1) the lack of a required itemization of costs; (2) the request for mediation fees, which Beauty Plus argues are not recoverable; (3) the request for four days of expert witness fees; (4)

3

the request for copying costs; and (5) the general discrepancies between the amount requested for interpreter services and service of summons and subpoena and the amount accounted for. *See* Def.'s Obj. Beauty Plus also advocates for a 70% reduction in all recoverable costs because "7 of I&I's 10 original substantive claims (5 against each defendant) have been dismissed with prejudice or transferred." *Id.* at 8.

### 1. 70% reduction

As an initial matter, the Court should reject Beauty Plus's argument that all recoverable costs should be reduced by 70% because seven of I&I's ten original substantive claims were dismissed with prejudice or transferred. Beauty Plus provides no legal support for this proposition, and in this Circuit, "the case must be viewed as a whole to determine who was the 'prevailing party'; a party need not prevail on every issue in order to be entitled to costs." *Fogleman*, 920 F.2d at 28 (citing *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 131 (5th Cir. 1893)).

### 2. Missing itemization

Beauty Plus makes a general objection to I&I's entire Bill of Costs that "despite having a second bite at the apple, I&I's Bill of Costs is still non-compliant," because "there is no indication of which documents relate to which category of costs." Def.'s Obj. 4–5. Indeed, when the Court allowed I&I to refile its Bill of Costs, it did so with the directive to include the required itemization and documentation of costs. Order 2 (ECF No. 321); Bill Costs 1 (including an instruction on the Clerk's

form for parties to "Attach to your bill an itemization and documentation for requested costs in all categories"). But I&I's amended Bill of Costs does not include an itemized breakdown of the individual costs which make up the categories it seeks to recover. I&I did attach several receipts and invoices, in no particular order, and an affidavit from its counsel Diren W. Singhe certifying that the lump-sum amounts in each category were necessary. *See, e.g.*, Singhe Aff. ¶ 5 ("It was necessary for I&I to spend $800.00 on subpoenas and summons issued to third parties").

In order to tax costs against Beauty Plus under § 1920, I&I must show that the costs were necessary. *See Holmes*, 11 F.3d at 64. But the missing itemization makes it difficult for the Court to determine whether I&I has carried its burden. This is especially frustrating because the Court previously ordered I&I to resubmit its Bill of Costs with the required documentation, and I&I has again failed to heed the instruction on the Clerk's form to "attach to your bill an itemization and documentation for requested costs in all categories." *See* Order 2; Bill Costs 1. Nevertheless, the Court will review I&I's requests and Beauty Plus's objections individually to determine if I&I has carried its burden to show that it is entitled to recover costs.

3. **Fees of the Clerk and docket fees**

I&I requests reimbursement for $400.00 paid to the Clerk and $40.00 in docket fees under 28 U.S.C. § 1923. Beauty Plus does not object to these requests, and Singe's Affidavit confirms that the amounts requested are correct. Singhe Aff.

¶¶ 4, 13. Therefore, the Court finds that $400.00 for fees of the Clerk and $40.00 for docket fees should be taxed against Beauty Plus. *See Davis Mountains Trans-Pecos Heritage Ass'n v. U.S. Air Force*, 2003 WL 21251094, at *1 (N.D. Tex. May 27, 2003).

### 4. Fees for service of summons and subpoena

Beauty Plus objects to I&I's request for $800.00 in fees for service of summons and subpoena, arguing that "only $290 is accounted for." Def.'s Obj 6. In its Response, I&I concedes that "[b]ased on best available documentation rather than internal records, Plaintiff amends its claim for service and subpoena costs to $290." Resp. 4. The parties direct the Court to four receipts filed with I&I's Bill of Costs depicting payments to A.P.S. Process Services. *Id.*; *see* Bill Costs 21, 24, 62, & 63.

Although costs for fees for service of summons and subpoena are authorized under § 1920(1), the costs of a private process server are generally not recoverable because the statute expressly refers only to the U.S. Marshal. *See Marmillion v. Am. Intern. Ins. Co.*, 381 F. App'x 421, 431 (5th Cir. 2010). In the Fifth Circuit, the costs of a private process server are generally not recoverable under Section 1920 absent "exceptional circumstances." *Id.* In this case, I&I provided proof that it paid costs to a private process server, but it did not demonstrate that exceptional circumstances warranted incurring these costs for private process server fees. Therefore, the District Judge should conclude that I&I is not entitled to recover these costs and decline to award them. *See Cypress-Fairbanks Indep. Sch. Dist. v.*

6

*Michael F. ex rel. Barry F.*, 118 F.3d 245, 257 (5th Cir. 1997) ("As there was nothing exceptional about the parties or the nature of this case, the district court should have denied these unnecessary private service costs"); *see also Auto Wax Co. v. Mark V Prods., Inc.*, 2002 WL 265091, at *1 (N.D. Tex. Feb. 22, 2002) (Lynn, J.) (declining to allow Plaintiff to recover any amount for a process server).

### 5. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case

I&I requests $21,877.00 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case. *See* Bill Costs 1. I&I bears the burden of showing that costs incurred for printed or electronically recorded transcripts were necessary and not obtained primarily for convenience. *Holmes*, 11 F.3d at 64.

Here, I&I included invoices for various transcripts. *See, e.g.*, Bill Costs 28 (invoice for Rob Wallace deposition transcript). But I&I did not group transcript costs into categories or explain which transcripts it requested or for what purpose. Singhe states in his Affidavit that "[t]he transcripts obtained include critical statements made by third parties, key witnesses, and experts, later leveraging the statements as part of the trial strategy and deposition designations included as part of the pre-admitted evidence submitted to the jury." Singhe Aff. ¶ 9. While a deposition need not be introduced into evidence at trial in order to be necessarily obtained for use in the case, *see Fogleman*, 920 F.2d at 285, services incidental to the depositions that are for the convenience of counsel, such as summaries,

7

exhibits, postage, or expedited delivery, are generally not recoverable. *See Leal v. Magic Touch Up, Inc.*, 2019 WL 162885, at *2 (N.D. Tex. Jan. 9, 2019) (Ramirez, J.). At least some of the invoices I&I attaches to its Bill of Costs include charges for rush fees, exhibits, or condensed transcripts, including rush fees charged as part of the cost the transcript rather than as a separate rush fee. *See, e.g.*, Bill Costs 28, 50, 54.

Because I&I has not included an itemization of its various transcript-related costs, it is difficult for the Court to determine how much of the $21,877.00 requested for printed or electronically recorded transcripts is comprised of these non-recoverable incidental costs, and how much of the $21,877.00 is for transcripts that I&I used for necessary trial strategy and evidence. Even if I&I does seek to tax incidental costs, it includes no explanation of why such costs were necessary to the litigation. *See Fogleman*, 920 F.2d at 286.

Beauty Plus did not object specifically to I&I's request for transcript fees, and so the presumption is that the costs were necessarily incurred and should be taxed. *Harris*, 2016 WL 8674685, at *2. With Singhe's statement, the Court concludes that I&I has carried its burden to show that the transcripts were necessarily obtained for use in the case, but it has not made the same showing for the incidental costs appearing on the invoices such as rush preparation, condensed transcripts, exhibits, or shipping. Accordingly, the District Judge should tax the costs for the transcripts only, to the extent the Court can determine this amount without an itemization and isolate the costs from any incidental charges. Using the

invoices I&I attached to its Bill, this amount totals $9,504.10. *See* Bill Costs 20, 28, 30, 32, 34, 36, 38, 42, 44, 46, & 52. The District Judge should therefore reduce the taxable costs for printed or electronically produced transcripts necessarily obtained for use in the case by $12,372.90 and allow I&I to recover a total of $9,504.10.

### 6. Fees and disbursements for printing

Beauty Plus objects to I&I's request for $1,455.13 for "fees for disbursements and printing," *see* Bill Costs 1, and suggests that I&I has included costs for post-trial mediation within its request for printing costs. Def.'s Obj. 6. Beauty Plus also objects that I&I has improperly included shipping costs in this total amount, which are not taxable, and that the total printing costs award should be reduced to $1,163.42. *Id.* at 6–7.

I&I insists, without legal support, that "costs associated with mediation are [recoverable], and it is plainly such costs alone that are referenced in Plaintiff's application." Resp. 4. I&I concedes that "to the extent the claimed totals include non-recoverable shipping costs, the claim for costs associated with mediation is amended to $1,230.90." *See id.* But, confusingly, Singhe only mentions printing for "binders and trial exhibits to be submitted to the jury during trial" in his Affidavit, not printing costs associated with mediation. Singhe Aff. ¶ 10.

Because I&I did not include the required itemization of its costs, it is difficult for the Court to discern whether the "fees and disbursements for printing" are costs associated with printing for the mediation, the fee for the mediation itself, or

9

printing for other litigation-related purposes. In any event, mediation fees are not recoverable under § 1920. *Byers v. Dallas Morning News Inc.*, 2000 WL 1842415, at *2 (N.D. Tex. Dec. 3, 2000). Additionally, the lack of itemization and lack of detail on the invoices makes it impossible to determine whether I&I's amendment to the amount it requests for printing costs includes such nonrecoverable costs for mediation fees, or whether the printing costs were related to the litigation at all. It is I&I's burden to prove the amount and necessity of its costs.[1] But I&I has not carried this burden and, therefore, the District Judge should decline to award I&I's $1,455.13 in fees for disbursements and printing. *See Trench Tech Int'l, Inc. v. Tech Con Trenching, Inc.*, 2022 WL 17096911, at *4 (N.D. Tex. Oct. 6, 2022).

### 7. Fees for witnesses

Next, Beauty Plus objects to I&I's request for fees associated with its expert witness, Dr. Scott Hakala. Def.'s Obj. 7. I&I seeks to recover $2,743.14 for witness fees, including $2,550.00 for subsistence allowance. Bill Costs 1–2. Beauty Plus objects to the inclusion of the subsistence allowance because Dr. Hakala only attended trial for one day and only traveled 51 miles to do so. Def.'s Obj. 7. In its response to Beauty Plus's objections, I&I "withdraws the request for subsistence for the witness" and amends its request to $73.14. Resp. 5.

---

[1] Although I&I's counsel swore in his affidavit that the total amount of $1,455.13 was necessary for "binders and trial exhibits to be submitted to the jury during trial," I&I amended its request to $1,230.90 in "costs associated with mediation" in its Response to Beauty Plus's objections. Resp. 4. Due to this inconsistency, the Court cannot determine whether the costs were incurred for printing, mediation, or something else.

Expert witness fees are limited to the statutory amounts authorized in 28 U.S.C. §§ 1821 and 1920. *Walton v. Autotrol Corp.*, 1998 WL 531881, at *2 (N.D. Tex. Aug. 18, 1998). Under § 1821, witnesses shall be paid an attendance fee of $40.00 per day for each day's attendance and compensated for the mileage travelled to attend court. 28 U.S.C. § 1821(b), (c). From the itemization breaking down Dr. Hakala's attendance fees, the Court can see that $40.00 for his one day of attendance plus the $33.14 requested to cover his mileage travelled equals $73.14, the amended amount requested by I&I and the amount to which Beauty Plus does not object.

Therefore, the District Judge should tax $73.14 in witness fees against Beauty Plus under 28 U.S.C. § 1821.

**8. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case**

Beauty Plus objects to I&I's request for $5,482.39 to cover the costs of making copies necessarily obtained for use in the case, on the basis that I&I has not shown that the copies were necessarily obtained for use in litigation. Def.'s Obj. 7. The Court agrees that I&I has not made the necessary showing.

I&I requests $5,482.39 for copies necessarily obtained for use in the case, but it makes no attempt to explain what it made copies of and why those copies were necessary beyond stating that "[t]he volume of documents used in motions practice, deposition, examination at trial, and inclusion in the jury binder in this case speaks for itself." Resp. 5. While the Court does not expect a prevailing party

to identify every copy made for use in a case, a party cannot prevail by invoking *res ipsa loquitor*. The Court requires a sufficient demonstration that the fees were reasonable and necessary, and not just for the convenience, preparation, research, or records of counsel. *Fogleman*, 920 F.2d at 286; *Welch v. U.S. Air Force*, 2003 WL 21251063, at *2 (N.D. Tex. May 27, 2003). As discussed above, I&I has not included an itemization that would explain which documents it copied and why. A determination of necessity is therefore impossible based on I&I's submission, and the District Judge should decline to award I&I $5,482.39 in copying costs. *See Fogleman*, 920 F.2d at 286 ("ARAMCO has provided no itemized breakdown of the copying costs incurred . . . . It is therefore impossible to tell to what extent copies charged to ARAMCO were necessarily obtained for use in the case rather than obtained simply for the convenience of counsel"); *Eagle Oil & Gas Co. v. Travelers Prop. Cas. Co. of Am.*, 2015 WL 12696493, at *5 (N.D. Tex. Jan. 22, 2015).

### 9. Compensation of interpreters and costs of special interpretation services under 28 U.S.C. § 1828

Finally, Beauty Plus objects to I&I's request for $12,402.16 in interpreter fees, because "only $11,195.97 is accounted for." Def.'s Obj. 8. In his Affidavit, Singhe stated that "[i]t was necessary for I&I to spend $12,402.16 on interpreters throughout the legal proceedings, given that all parties in the above-entitled matter speak Korean as their native tongue and needed a Korean-English interpreter for accurate representation of their position and statements by a certified court

interpreter, to prevent mistranslation and to facilitate quick and precise translation." Singhe Aff. ¶ 14. But in its Response, I&I "amends its claim for interpreters to $11,195.97 based on available documentation rather than internal records." Resp. 5. It is unclear why I&I was unable to calculate the correct amount "based on available documentation" at the time Singhe signed his Affidavit. Nevertheless, I&I points the Court to three invoices attached to its Bill of Costs for interpreter services. *See* Bill Costs 19, 56–57, & 61.

Pursuant to § 1920(6), the Court may tax costs for compensation of interpreters under § 1828. 28 U.S.C. § 1920(6). I&I has shown that interpretation services were necessarily incurred in this case, both for translation during trial and depositions, and for translation of various documents, text messages, and emails exchanged during discovery. Singhe Aff. ¶ 14; *see Leal*, 2019 WL 162885, at *4. But neither amount the parties propose—the initial $12,402.16, nor I&I's amended amount of $11,195.97, is reflected in the invoices. According to I&I's Bill, it paid $300.00 for translation services for a January 2022 deposition, *see* Bill Costs 19, $2,795.97 for translation services during the July 2023 trial, *see* Bill Costs 56–57, and $5,418.75 for translation services on other occasions[2] throughout February 2022, *see* Bill Costs 61, for a total of $8,514.72. Therefore, to match the costs

---

[2] Again, without an appropriate itemization of I&I's costs, it is unclear whether these February 2022 dates were depositions, hearings, or other proceedings—but based on Singhe's Affidavit, the Court presumes that these dates pertained to I&I's use of a translator to translate the foreign-language correspondence produced during discovery. *See* Singhe Aff. ¶ 14.

reflected in I&I's invoices, the District Judge should reduce the taxable costs for interpreter services by $3,887.44 for a total of $8,514.72.

## Recommendation

Beauty Plus's Motion to Review I&I's Bill of Costs is GRANTED in part. The District Judge should tax $18,531.96 in costs against Beauty Plus as follows:

1. $400.00 for fees of the Clerk;

2. $9,504.10 for printed or electronically recorded transcripts necessarily obtained for use in the case;

3. $73.14 for witness fees;

4. $40.00 for docket fees; and

5. $8,514.72 in compensation of interpreters and costs of special interpretation services.

**SO RECOMMENDED.**

September 25, 2024.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).